## TIDWELL v CITY CAB CO

Ohio Appeals, 9th Dist, Summit Co

No 2784. Decided Feb 16, 1937

W. J. Laub, Akron, for appellee.
Clarence E. Kroeger, Akron, for appellant.

## OPINION

By STEVENS, PJ.

Elizabeth Tidwell brought action against the City Cab Co. to recover for personal injuries alleged to have been sustained by her while riding as a passenger in one of said company's cabs.

At the conclusion of plaintiff's case in chief, a motion to direct a verdict and render final judgment for the defendant was duly made.

At the conclusion of all of the evidence, a motion was interposed by the defendant that the court arrest the testimony from the jury and enter final judgment for the defendant. Both of said motions were overruled.

The case was submitted to the jury, which returned a verdict in favor of the defendant. Motion for a new trial was duly filed by plaintiff, which motion was sustained by the trial court upon the ground that the verdict of the jury was manifestly against the weight of the evidence. Appeal on questions of law was then taken to this court by defendant.

The complaint of the defendant in this court is that the trial court abused its discretion in granting plaintiff's motion for a new trial. Inasmuch as motions for judgment were interposed by defendant at the close of plaintiff's case and at the conclusion of all of the evidence, the overruling of said motions for a directed verdict and for final judgment were final orders from which review may be had.

**Murphy v Pittsburgh Plate Glass Co., 132 Oh St 68.**

In this court, however, counsel for appellant concedes there was such conflict in the record testimony that the jury may well have returned a verdict for either plaintiff or defendant, and accordingly no complaint whatever is made concerning the court's ruling upon said motions to direct a verdict. The court's ruling upon the motions to direct being the only final orders reviewable in this proceeding, and appellant's position with reference thereto being such as hereinbefore indicated, there remains for consideration only the question of the propriety of the court's ruling in granting the motion for a new trial.

Had there been no motion for a directed verdict interposed herein, and were the only order the one concerning the motion for a new trial, our opinion is that, in the absence of a claim of misconduct on the part of the trial court, or abuse of discretion concerning the circumstances under which the motion was heard and determined, as in the case here, such an order, standing alone, is not a final order from which appeal may be taken.

**Levin v Jacoby Bros., Inc., 22 Abs 353.**

However, inasmuch as we have entertained jurisdiction of this case, we have examined the entire record, and we find no error in the court's ruling upon the motions to direct, nor upon the motion for a new trial

Judgment affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.