**GROSSER, Admrx., Plaintiff-Appellee, v. ARMET ALLOYS, INC.,**

**Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22581.    Decided March 2, 1953.

162

Harrison, Spangenberg & Hull, Cleveland, for plaintiff-appellee.

McConnell, Blackmore, Cory & Burke, Cleveland, for defendant-appellant.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By DOYLE, PJ.:

This case involves the application of principles of law governing judicial control during term over the verdict of a jury in the form of granting a motion for a new trial pursuant to a general verdict for a defendant.

The action was for wrongful death and was brought in the Court of Common Pleas of Cuyahoga County by Mary Bernadette Grosser. administratrix of the estate of Fred Grosser. Jr. The alleged tort-feasor. Armet Alloys, Inc., was charged with negligent conduct claimed to have proximately resulted in the death of plaintiff's decedent.

At the conclusion of the plaintiff's case and again at the close of all of the evidence, the defendant company moved for a directed verdict in its favor. These motions were each overruled. The jury later returned a general verdict for the defendant. The plaintiff then filed her motion for a new trial and claimed:

"1. The verdict is contrary to law.

"2. The verdict is contrary to the evidence * * *.

"3. The verdict was the result of, and caused by, the misconduct of the defendant, and of counsel for the defendant, especially in the following respects: * * * (there is here set forth six separate claimed instances of misconduct).

"4. Errors of law in rulings on evidence, and in the instructions given to the jury; and especially in the instruction that the violation of the ordinance set forth in the petition was not negligence per se, but only evidence of negligence.

"5. Accident or surprise, which ordinary prudence could not have guarded against."

After oral argument on the motion, the trial court granted the same, and ordered a new trial.

In the appeal to this court, the appellant company has assigned the following errors, which it asserts entitled it to a reinstatement of its judgment on the verdict:

"1. The trial court abused its discretion in granting a new trial for misconduct of defendant's counsel, because no misconduct occurred, and plaintiff failed to complain of misconduct until filing her motion for new trial.

"2. The trial court abused its discretion in failing to grant defendant's motion for a directed verdict, and later in setting aside the verdict for defendant which was supported by the weight of the evidence.

"3. The trial court abused its discretion by demonstrating prejudice against the defendant, and in making rulings grossly wrong."

1. It must be first observed that, although the legislature of this state in 1947, by amending §12223-2 GC, declared that "an order vacating or setting aside a judgment and ordering a new trial, is a final order," the courts have declared the legislation unconstitutional, and the rule now in force is well stated by Hildebrant, J., in **Green v. Acacia Mutual Life Ins. Co., 88 Oh Ap 67** (affirmed, 156 Oh St 1), as follows:

"3. An order of a trial court during term vacating and setting aside a pro forma judgment and verdict of a jury and granting a new trial is not a final determination of the rights of the parties, and is not, therefore, a judgment or final order, reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order."

2. To the question of an abuse of discretion, we direct our attention. We assume jurisdiction of the appeal for the purpose of determining whether the order appealed from was entered through an abuse of discretion; for, in the absence thereof, this court lacks jurisdiction to "review, affirm, modify, set aside or reverse" the order of the Court of Common Pleas in granting a new trial. **Art. IV, Sec. 6, Constitution of Ohio.**

No reasons were given by the trial court for the granting of the motion. In fact, no request was made that the court state its reasons. We are

asked, by the appellant, to indulge the presumption not only that the court acted upon the grounds set forth in the motion for new trial, but that the "court considered and acted upon only the three grounds in the motion which were actually argued."

We categorically refuse to yield to this request. It is a fact that §11579 GC, provides that "written grounds" be filed at the time of making the motion. However, the statutes are silent on the question of whether the court must consider only the "written grounds." It is stated by Rugg, C. J., in Wright v. Apikian, 270 Mass. 302, that, in the absence of statutory regulation, there is no restriction at common law of the power of the judge to set aside, of his own motion, a verdict for any cause deemed by him to be sufficient.

It is true that, in some states, by virtue of local statutes, courts are confined to the causes set forth in the written motion. Illustrative of this statement is Wright v. Apikian, supra. The Massachusetts statute reads in part that a **"verdict shall not be set aside except on written motion by a party to the cause, stating the reasons relied upon in its support."** (Emphasis ours.)

However, as stated above, there is nothing in the statutes of this state which restrict the common law right of a trial judge to set aside a verdict and grant a new trial, on any ground which he deems proper in the administration of justice, after a motion is filed. In the absence of a regulating statute, inherent common law powers exist in the Court of Common Pleas—a court of general common law jurisdiction—to set aside during term a verdict and to grant a new trial.

The Ohio General Code in §11576 GC also sets forth certain causes for which a new trial **shall** be granted. These statutory grounds are not exclusive. A trial court, in the interest of justice, may grant a new trial on grounds other than those set out in the statute. **Wagner v. Long, 133 Oh St 41, at p. 48.** For instance, a new trial may be granted because of inadequacy of damages awarded, although the statute makes no provision therefor. **Toledo Railways & Light Co. v. Mason, 81 Oh St 463.**

We therefore do not indulge the presumption that the trial court acted only on grounds "actually argued" (nothing in the record indicates that the movant abandoned any of the grounds asserted), or that it acted only on the grounds set forth in the motion. In fact, from the record before us, we have no way of knowing upon what ground or grounds the court acted. It may have acted upon the grounds argued. We therefore direct our attention to them.

The appellant asserts that "the only grounds seriously assigned by plaintiff were that the court erred in construing the ordinance, and that counsel for defendant was guilty of misconduct which prejudiced the minds of the jurors." The appellant further asserts: "It is our contention that in fact the court contemplated but one legal reason for ordering a new trial—misconduct of Armet's counsel. It is our contention that the court did not grant plaintiff's motion because it thought it erred in construing the ordinance. Its construction was correct."

If one of the premises urged by the appellant is assumed to be correct —namely, that "the court contemplated but one legal reason for ordering a new trial—misconduct of Armet's counsel," nevertheless, the court exercised its judicial discretion, and at the most it committed only an error of

law, which of itself does not constitute an abuse of discretion. In the foregoing statement we have in mind the rule stated in **39 O. Jur., Trial, Sec. 114, pg. 691,** to the effect that if opposing counsel fails to object to misconduct under circumstances which do not constitute gross misconduct resulting in manifest prejudice, the failure to object constitutes a waiver of the misconduct, and the rule as stated in **30 O. Jur., New Trial, Sec. 31, pg. 65,** that "it is too late to urge" such misconduct "for the first time upon a motion for a new trial."

Apposite the thoughts expressed in the foregoing paragraph, if the court believed that it had erroneously charged the jury on the legal effect of the ordinance and granted a new trial for that reason, nevertheless, whether it was right or wrong in applying the ordinance to the factual setting, the court was exercising a discretion. and did not commit an abuse of discretion, even though it may have committed an error of law

In the conclusions reached above, we find support in several recent Ohio cases. In **Steiner v. Custer, et al., 137 Oh St 448,** the paragraphs of the syllabus are as follows:

"1. The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing.

"2. The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

In a case arising in Summit County and heard on appeal by the judges now constituting this court, the Supreme Court of Ohio, in affirming the judgment there rendered, speaking through Zimmerman, J., said:

"Did the trial court abuse its discretion in granting defendant's motion for a new trial? In connection with the granting of such motion the trial judge made certain findings in writing. He reached the conclusion, as expressed in his memorandum, that 'that part of the charge, to the effect that the defendant's failure to comply with the P. U. C. O. safety regulations as to lights and reflectors, would constitute negligence' was prejudiciously erroneous, and cited **Matz v. J. L. Curtis Cartage Co., 132 Oh St 271, 287, 7 N. E. (2d) 220, 228.** Assuming, for the purposes of this discussion, that the trial judge was wrong in his conclusion, it would seem plain that he was chargeable with no more than an error of law or of judgment. With respect to such matter this court announced the following rules in the syllabus of **Steiner v. Custer, 137 Oh St 448, 31 N. E. (2d) 855; * * *." Klever v. Reid Bros. Express, Inc., et al., 154 Oh St 491,** at p. 495.

Further commenting on the assignments of error—while the claimed failure "to grant defendant's motion for a directed verdict," and the claimed unlawful "setting aside the verdict for defendant which was supported by the weight of the evidence," may have constituted errors of law, nevertheless, as stated above, such errors (if they actually occurred) do not per se constitute an abuse of discretion. Nor does the record reveal prejudice of the trial court against the defendant, including the claim that it made "rulings grossly wrong."

In conclusion, we summarize by saying:

(1) We have no way of knowing upon what ground or grounds the trial judge acted in sustaining the motion; (2) We indulge no presumption that

166

he acted only on the grounds argued; (3) The court was not confined to those grounds set out in the motion, nor to those grounds enumerated in §11576 GC; (4) A trial judge during term can review, upon motion, his own acts and those of counsel and the jury, and in the exercise of judicial discretion can grant a new trial, if, in his honest belief, there existed acts or conduct on his part or on the part of counsel or the jury which materially affected the substantial rights of the losing party; (5) An error of law does not per se constitute an abuse of discretion; (6) The jurisdiction of the Court of Appeals cannot be invoked without a sufficient showing that the order from which the appeal is taken comes within the purview of the law expressly granting jurisdiction. Green v. Acacia Mutual Life Ins. Co., supra.

Whether a trial judge in the Court of Common Pleas can sua sponte grant a motion for new trial during term, as indicated by the Massachusetts case cited above, we do not decide. In the case before us, a motion for a new trial was actually filed.

The appeal will be dismissed.

STEVENS, J, HUNSICKER, J, concur.