**COPPERMAN, Plaintiff-Appellee, v. BROOKS, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23651. Decided March 14, 1956.

Stephen M. Young, Young & Young, for plaintiff-appellee.

McConnell, Blackmore, Cory, Burke & Kundtz, Frank Seth Hurd, of Counsel, for defendant-appellant.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

### OPINION

By DOYLE, J:

An appeal on questions of law was taken to this Court from a judgment of the Court of Common Pleas of Cuyahoga County which granted a motion for new trial pursuant to the rendition of a judgment for the defendant upon the verdict of a jury. The new trial was granted for

the reason that the judgment is not sustained by sufficient evidence and is contrary to law.

The sole assignment of error is in the following words: "The trial court committed error prejudicial to the rights of the defendant in entering an order granting plaintiff's motion for new trial."

At the threshold of a consideration of the claimed error, we are confronted with the four to three decision of the Supreme Court of Ohio in Green v. Acacia Mutual Life Insurance Co., 156 Oh St 1. The fourth syllabus reads:

"An order granting a new trial upon motion made in accordance with §11578 GC, is not a final determination of the rights of the parties and does not constitute a judgment or final order, the General Assembly has no power or authority to provide for an appeal from such order, and §12223-2 GC, providing that 'an order vacating or setting aside a judgment and ordering a new trial, is a final order,' is in conflict with §6, Article IV of the Ohio Constitution."

Bound as we are by this rule of law, the granting of the motion for new trial in the case now before us does not constitute a final order from which an appeal can be taken unless by the granting thereof, the court abused its discretion. "The meaning of the term 'abuse of discretion' in relation to the granting of a motion for new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." Steiner v. Custer, 137 Oh St 448. See also Grosser, Admrx v. Armet Alloys, Inc., 70 Abs 161.

In our consideration of the record before us, we find no abuse of discretion, as that term is used in law, with which the trial court may be charged when it granted the motion for new trial.

We, therefore, must and do find that the appeal should be dismissed because it does not stem from a final order.

It may well be that in this case or in another, raising the same question, the Supreme Court will reverse its ruling in Green v. Acacia Mutual Life Ins. Co., supra. (The personnel of the Court is now changed and one of the judges who voted with the majority later commented in Gray v. Municipal Ry. Co., 160 Oh St 511:

"It is my opinion that the granting of the motion for new trial was a final and appealable order, notwithstanding the Green case. This statement is made with full consciousness that I concurred in the Green case, but I no longer approve of the reasoning or judgment therein.")

We are not called upon, however, to guess future rulings of that Court and to hope that we may guess right. Since the ruling in this case, the Legislature has re-enacted in identical language the statute declared unconstitutional and it is the re-enacted statute, §2502.02 R. C. (formerly §12223-2 GC) with which we are here concerned.

The appeal will be dismissed.

STEVENS, PJ, HUNSICKER, J, concur.