CHOATE, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 5675—Decided June 17, 1957.)

*Mr. Nelson Lancione,* for appellee.
*Mr. John D. Phillips,* for appellant.

PETREE, P. J. This cause comes before us on a motion to dismiss the appeal from the Common Pleas Court, Division of Domestic Relations, on the ground that the order appealed from is not a final order.

The lower court granted a new trial on the ground of newly discovered evidence, after the jury returned a verdict for the defendant in a bastardy case.

The matter is discussed in 2 Ohio Jurisprudence (2d), 635, Appellate Review, Section 61, cited by plaintiff-appellee, which, in part, reads:

"The Legislature has twice attempted to impress with finality an order granting a new trial. The legislative effort of 1937 to make an order which set aside a general verdict and ordered a new trial a final order was, under Article 4, Section 6 of the Constitution of 1912, speedily held to be unconstitutional by the courts. The premise of such holdings was that the legislation would enlarge the jurisdiction of the appellate courts in violation of the Constitution, by attempting to make a broader, larger definition of 'final order,' inconsistent in scope with the definition accorded to such term by the courts.

"Following the constitutional amendment of 1944, which provides that the Court of Appeals shall have such jurisdiction 'as may be provided by law' to review, affirm, modify, set aside, or reverse judgments or final orders, the Legislature enacted Revised Code Section 2505.02 (General Code Section 12223-2), effective September 30, 1947, providing, *inter alia*, that an order vacating or setting aside a judgment and ordering a new trial is a final order. However, the Supreme Court in a divided opinion held such legislative provision to be unconstitutional.

"In the *Green case* (1951), 156 Ohio St., 1, 100 N. E. (2d), 211, 45 Ohio Ops., 32, Stewart, J., writing the majority opinion, said that the amendment of Section 6, Article 4 of the Constitution, 1944, is the sole source of jurisdiction of the Court of Appeals and such jurisdiction cannot be enlarged by the General Assembly; that while the latter may legislate as to the jurisdiction of the Court of Appeals to review, affirm, modify, set aside or reverse final orders or judgments of boards, commissions, officers, tribunals or courts of record inferior to the Court of Appeals, it cannot confer on the Court of Appeals jurisdiction to review any orders which do not constitute final orders or judgments; that an order granting a new trial is not a judgment or final order, and that therefore the attempt of the Legislature to make it so was unconstitutional."

The verdict for the defendant was rendered on November 29, 1956. The judgment rendered in conformity with this verdict was filed on December 17, 1956. A motion for a new trial, together with a memorandum and affidavit of the plaintiff in support of branch four of its motion, based upon newly dis-

covered evidence, was filed on December 17, 1956, the date of the original judgment. There are four other causes set out in the motion for new trial, but the court's entry of March 29, 1957, sustaining the motion for new trial is based upon its finding that said motion "is well taken on the ground of newly discovered evidence, material for the complainant, which with reasonable diligence she could not have discovered and produced at the trial."

Although it would seem from reading the syllabus, and especially paragraph four thereof, in *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St., 1, 100 N. E. (2d), 211, that an order sustaining a motion for a new trial made in accordance with the statutes applicable to new trials is not a final determination of the rights of the parties and does not constitute a judgment or final order, a careful reading of the opinion discloses that such an order is, however, regarded as a final order in a case of abuse of discretion by a trial court.

We quote from the opinion in the *Green case*, beginning with the last paragraph on page 10:

"When the trial court granted that motion, the judgment which had been entered in accordance with the verdict was no longer in existence and, therefore, there was no such judgment which could be reviewed. The only thing which remains is the order granting the motion for a new trial and, as we held in the *Hoffman case*, that order is not, in the absence of abuse of discretion, a judgment or final order and cannot be reviewed by an appellate court.

"Plaintiff refers in her brief to the long list of cases mentioned in the opinion in the *Hoffman case*, on pages 184, 185 and 186, in support of her claim that the order of the trial judge granting a new trial in the present case is final, but it will be noted that in each of those cases, with one exception, there was involved either the overruling of a motion for a directed verdict or the overruling of a motion for judgment notwithstanding the verdict, which was a final order."

Perhaps the best interpretation of what is now the law of Ohio on this subject is to be found in the syllabus of *Steiner* v. *Custer,* 137 Ohio St., 448, 31 N. E. (2d), 855:

"1. The granting of a motion for a new trial is not such a

final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing.

"2. The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

Since the motion for a new trial in the instant case was filed pursuant to Section 2321.17, Revised Code, and contained an affidavit relative to newly discovered evidence, as required by Section 2321.20, Revised Code, the trial court had jurisdiction to act in the premises. It is not necessary or proper that we, as a reviewing court in this instance, review the record of the proceedings in the trial court during the trial or inquire into the weight and sufficiency of its findings, in determining that a new trial should be granted. *Levin* v. *Jacoby Bros., Inc.*, 55 Ohio App., 16, 8 N. E. (2d), 578. Unless the trial judge, in sustaining the motion for a new trial, was motivated by unreasonable, improper, or arbitrary considerations, he can not be said to have abused his discretion. We find there has been no abuse of discretion in the instant case, and, therefore, the order of the lower court granting a new trial is not a final order from which appeal may be taken to this court.

The appeal is dismissed and the cause remanded to the Court of Common Pleas, Division of Domestic Relations, for further proceedings according to law.

*Motion sustained.*

BRYANT and MILLER, JJ., concur.