HIBOLUK, APPELLANT, *v.* POZNIAKOW, APPELLEE.*

(No. 1382—Decided June 19, 1957.)

*Messrs. Levin & Levin,* for appellant.

*Mr. Austin W. O'Toole* and *Mr. Charles A. Adams,* for appellee.

DOYLE, J.   The appeal to this court is taken from an order of the Common Pleas Court of Lorain County, which granted a

*Motion to certify the record overruled, February 26, 1958.

motion for a new trial, pursuant to the verdict of a jury awarding the plaintiff $7,500 as damages for an assault and battery at the hands of the defendant. The judgment entry shows the ruling was grounded upon the conclusion of the trial court that the verdict was excessive and rendered under the influence of passion and prejudice.

Among the various errors assigned is the claim that the court abused its discretion in granting the motion for the reasons given.

In view of the decisions of *Green* v. *Acacia Mutual Life Ins. Co.,* 156 Ohio St., 1, 100 N. E. (2d), 211, and *Mele* v. *Mason,* 156 Ohio St., 118, 100 N. E. (2d), 224, the first paragraph of the syllabus in the case of *Steiner* v. *Custer,* 137 Ohio St., 448, 31 N. E. (2d), 855, states the present law of Ohio in respect to an attempted appeal from an order granting a motion for a new trial pursuant to a jury verdict and judgment thereon. That paragraph is:

"1. The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing."

See: *Pfeiffer* v. *Sheffield, Admr.,* 64 Ohio App., 1, 27 N. E. (2d), 494, and cases cited therein.

In harmony with the weight of authority, the second paragraph of the syllabus of *Steiner* v. *Custer, supra,* states:

"2. The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

We have examined the record before us, and we cannot find that the action of the trial court falls within the conduct condemned by the law as constituting an abuse of discretion.

Our judgment in this case cannot be governed by our opinion as to whether the verdict was excessive or not or whether it was influenced by passion or prejudice, as would be our task if we were reviewing a judgment entered on the verdict. Our authority extends only to the question of whether the trial court abused its discretion in granting a new trial. See decision of this court in *Copperman* v. *Brooks,* 74 Ohio Law Abs., 127, 132 N. E. (2d), 905.

104

It perhaps should be stated that Section 12223-2 of the General Code of Ohio, effective September 30, 1947, provided in part that an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed on appeal; that on June 27, 1951, the Supreme Court of Ohio, in *Green* v. *Acacia Mutual Life Ins. Co., supra,* ruled that the part of Section 12223-2 of the General Code, referred to above, was in conflict with Section 6, Article IV of the Ohio Constitution; that Section 2505.02, Revised Code of Ohio, effective October 1, 1953, restated the former provisions of Section 12223-2 of the General Code, which had been held in conflict with the Ohio Constitution; and that such "restatement of" the unconstitutional provision of the General Code in the Revised Code could not give vitality to the theretofore-declared unconstitutional provision. The Legislature has no authority to overrule the Supreme Court of Ohio on constitutional questions.

Other errors assigned are not well taken; and finding no final order here, the appeal will be dismissed.

*Appeal dismissed.*

HUNSICKER, P. J., and STEVENS, J., concur.