**STRADER,** Plaintiff-Appellee, v. **MENDENHALL,** Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

No. 561. Decided June 6, 1959.

24

Fred W. Booth, Springfield, for plaintiff-appellee.
William T. Hicks, Springfield, for defendant-appellant.

## OPINION

By KERNS, J.:

This is an appeal from an order of the Common Pleas Court of Clark County sustaining a motion for a new trial on the ground of misconduct of a juror. The motion was directed to a verdict for the defendant in a bastardy case.

At the outset, it is apparent that no useful purpose may be served by reviewing in detail the many cases which discuss whether the sustaining of a motion for a new trial after verdict and judgment is an appealable final order.

Suffice it to say that the most recent legislative attempt to imbue such an order with finality (§2505.02 R. C.), was thwarted by the Supreme Court of Ohio in the case of Green v. Acacia Mutual Life Ins. Co., 156 Oh St 1, 100 N. E. (2d), 211. See also Johnson v. O'Hara, 156 Oh St 117; Mele v. Mason, 156 Oh St 118; Lawrence v. Moore, 156 Oh St 375; Hiboluk v. Pozniakow, 107 Oh Ap 102; Choate v. Jackson, 104 Oh Ap 392.

Our authority is thereby limited in the instant case. The question is not whether the members of this court would have granted a new trial on the facts and evidence presented to the trial court, but whether the trial court, in so acting, abused its discretion.

The term "abuse of discretion" has been defined as follows in the cases of Steiner v. Custer, 137 Oh St 448, 31 N. E. (2d), 855, and Klever v. Reid Bros. Express, Inc., 154 Oh St 491, 96 N. E. (2d) 781:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable arbitrary or unconscionable attitude on the part of the court."

This definition has been repeatedly adopted by the Appellate Courts of Ohio, and its rather extreme connotation no doubt explains their reluctance to interfere with the discretionary power of trial courts.

In this case, the trial court found "that the plaintiff was entitled to have her case heard and the verdict returned by jurors who are not prejudiced for or against either party." This finding was based on the following facts.

On voir dire examination, counsel for the plaintiff-appellee asked the jury the following question:

"And more specifically, I would like to ask whether any of you, either yourself through friends or relatives, have ever been involved in

a paternity case so that that information or prejudice would tend to disqualify you as a juror?"

This question elicited no response, but after verdict and judgment it was discovered that one of the jurors was defendant some years before in an action involving the paternity of an illegitimate child.

It does not seem to follow necessarily that this juror would be prejudiced against the plaintiff any more than the defendant without some speculation on human behavior. However, in granting a new trial, the court must have concluded that said juror should, at least, have exposed himself to further inquiry and possible challenge.

And in view of the verdict signed by ten jurors, the trial court must have considered the possibility that this juror, because of his own experience, might have wielded some influence upon the deliberations of other jurors.

From the record presented, we cannot say that the trial court displayed an unreasonable, arbitrary or unconscionable attitude; and finding no final order in this proceeding, the appeal will be dismissed.

WISEMAN, PJ, CRAWFORD, J, concur.