GARLAND, APPELLEE, *v.* STANDARD OIL CO., APPELLANT.*

(No. 7134—Decided May 14, 1963.)

*Mr. Robert H. Burns*, for appellee.
*Messrs. McAfee, Hanning, Newcomer, Hazlett & Wheeler, Mr. H. Vincent Mitchell* and *Mr. William Tousley Smith*, for appellant.

DUFFY, P. J.  This action arose out of a collision between the plaintiff's automobile and the defendant's tank truck, and came on for trial before a judge and jury in the Court of Common Pleas of Franklin County.  A verdict was rendered for the plaintiff in the amount of $1,500.

The plaintiff made a motion for a new trial claiming that the verdict and the judgment were inadequate; and that the defendant's cross-examination of the plaintiff, in which he questioned him concerning 18 prior traffic convictions and the penalty and sentences given in those cases, prejudiced the jury and prevented him from having a fair trial and obtaining adequate damages for the injuries received as a result of the collision. The trial judge granted the motion for a new trial, stating in his opinion that the jury's assessment of damages was grossly erroneous and too low.

From the sustaining of the motion on the ground of the inadequacy of the verdict, the defendant has appealed to this court

---

.*Motion to certify the record (38331) overruled, December 18, 1963.

and has assigned as error that the trial court abused its discretion in granting plaintiff's motion for a new trial on the sole ground of the inadequacy of the damages awarded by the jury. The defendant does not argue against the right of the trial court to grant a new trial on the grounds of the inadequacy of the damages found by the jury, but states that in the absence of passion or prejudice, such power is restricted to those cases in which the jury clearly committed error in omitting or misapprehending the elements of damage to which the prevailing plaintiff was entitled. They cite the case of *Toledo Railways & Light Co.* v. *Mason* (1910), 81 Ohio St., 463, as being the leading case. The first paragraph of the syllabus of that case reads:

"In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears on the facts proved that the jury must have omitted to take into consideration some of the elements of damage properly involved in the plaintiff's claim."

The defendant contends that the jury considered every element of damage presented by the plaintiff, Garland, and even during the course of its consideration asked for an itemized list of all expenses incurred by the plaintiff in connection with his accident. By agreement of counsel those expenses were furnished to the jury. They were $121.28 for loss of wages, $354 for medical and hospital expenses, and $376.06 for damage to the automobile. Those expenses totaled $851.34. The defendant contends that the $648.66 balance of the judgment of $1,500 adequately compensated the plaintiff for the injury, pain, and suffering, and that the court, in granting a new trial, was substituting its own judgment for that of the jury.

From a reading of the transcript and testimony, it appears that the defendant questioned the plaintiff about 15 previous traffic convictions during the years 1953 to 1962, which included seven convictions for driving while intoxicated or under the influence of intoxicating liquors. While the case of *State* v. *Murdock*, 172 Ohio St., 221, appears to permit the questioning of a witness about his previous convictions of crimes in order to affect the credibility of the witness, the trial judge has the responsibility of seeing that the jury does not improperly use such information to the prejudice of either one of the parties.

In this case it was the plaintiff himself whose credibility was being tested, and the trial judge apparently felt that more than credibility was affected. Further, four times the counsel for the defendant included in the question about a previous conviction the sentence of the court and the length of time his driver's license was suspended, and only the fourth time did the court find the question to be improperly asked. While we find it hard to believe that a conviction of a traffic offense affects the credibility of a person, the *Murdock case* should not be extended to include the action of the court in sentencing a traffic violator.

In view of the improper questions and the cumulative effect of all questions as to prior convictions, we cannot say the trial court abused his discretion in awarding the plaintiff a new trial. The judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

BRYANT and TROOP, JJ., concur.

TROOP, J., concurring. While I concur in the decision reached by my colleagues, it is for another reason. I believe that the decision in the case of *Toledo Railways & Light Company* v. *Mason* (1910), 81 Ohio St., 463, presents a perfectly reasonable rule to be followed in cases such as the one before us, and in the light of the rule announced, the verdict reached by the jury in our case should not be upset. It is apparent that the jurors took into account every item of special damages before them and added an amount to compensate for the pain and suffering, etc., claimed by the plaintiff. A reading of the record provides adequate reason for their conclusion and the judgment of the jury should have been respected.

Further, while reasonable limits should circumscribe the doctrine set out in the case of *State* v. *Murdock* (1961), 172 Ohio St., 221, it does not clearly appear to me that the mention of penalties in connection with some four of the fifteen convictions for traffic offenses had a prejudicial influence on the jury. Such cross-examination, as to convictions, should not relate to penalties but the trial court made it abundantly clear in his charge that such cross-examination had a very limited purpose. At page 147 of the record his statement appears as follows:

"Evidence of convictions was admitted in this case solely as bearing upon the worthiness of belief of the plaintiff. Such evidence has no significance whatsoever as to the issues of negligence or the extent of the damage in this case."

If there were error it was not prejudicial. We must assume the jury respected the charge.

Attention must, however, be given to the case of *Steiner* v. *Custer* (1940), 137 Ohio St., 448. This case was followed and approved in *Grosser, Admrx.,* v. *Armet Alloys, Inc.* (1953), 70 Ohio Law Abs., 161, and in *Copperman* v. *Brooks* (1956), 74 Ohio Law Abs., 127. The syllabus of the *Steiner case* provides the basic rules. It reads as follows:

"1. The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing.

"2. The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court."

I develop no enthusiasm for the result here reached, but at the same time there is absolutely nothing in the record to even suggest that the trial court was "unreasonable, arbitrary or unconscionable" in its attitude in ruling upon the motion for a new trial. I, therefore, concur in affirming the judgment.