CHARNIER ET AL., APPELLEES, *v.* FLOWERS, APPELLANT.

(No. 7285—Decided June 25, 1963.)

*Mr. Dwight L. Fullerton, Jr.,* for appellees.
*Mr. Victor F. Schmidt,* for appellant.

*Per Curiam.* Appellees, plaintiffs in the trial court, made their motion to dismiss the appeal filed herein predicated upon the reason that this court lacks jurisdiction to entertain such an appeal.

The matter was tried to a jury in the Columbus Municipal Court, judgment was rendered for the appellant (defendant in

the trial court), and a motion for a new trial, properly filed, was sustained.

Counsel for appellees calls attention to the case of *Green* v. *Acacia Mutual Life Ins. Co.* (1951), 156 Ohio St., 1, which held that an order of a trial court granting a new trial is not a final appealable order, and the effort of the Legislature to make it so, the court held, created an unconstitutional statute. There is no dispute as to such contention.

The language of the court in the *Green case, supra,* at page 11, is however the basis for some decisions in other cases which are pertinent here. That language is as follows:

"The only thing which remains is the order granting the motion for a new trial and, as we held in the *Hoffman case,* that order is not, in the absence of abuse of discretion, a judgment or final order and cannot be reviewed by an appellate court."

A reviewing court may consider the matter of abuse of discretion by the trial court in the granting of the new trial. In *Grosser* v. *Armet Alloys, Inc.* (1953), 70 Ohio Law Abs., 161, the Eighth District Court of Appeals, in its decision, refers to the *Green case, supra,* and, further, quotes from *Steiner* v. *Custer* (1940), 137 Ohio St., 448, following the rule set out in paragraph one of the syllabus as presently applicable. It is as follows:

"1. The granting of a motion for a new trial is not such a final order as may be reviewed on appeal, unless it clearly appears that the court granting such motion abused its discretion in so doing."

See, also, *Copperman* v. *Brooks* (1956), 74 Ohio Law Abs., 127, where the same rule is followed.

Because of this rule, appellant is entitled to his appeal, particularly in view of his assertion in his brief that abuse of discretion was present in the ruling by the trial court.

The motion of appellees to dismiss the appeal is overruled.

*Motion overruled.*

DUFFY, P. J., BRYANT and TROOP, JJ., concur.