OPINION
This case arose from the building of an addition to a home owned by appellee, Richard Tomcany, by appellant, Littleton Kirkpatrick, a general contractor who does business as Martindale-Morse Co. Claiming that the addition was not done properly, appellee filed suit against appellant on March 23, 1994, in the Lake County Court of Common Pleas for breach of contract and for fraudulent misrepresentation.
On June 19, 1995, the matter was referred to non-binding arbitration. On August 7, 1995, the arbitration panel ruled in favor of appellee in the amount of $20,000. Appellant appealed the ruling to the trial court and a trial de novo was held on November 20 and 21, 1995. On July 30, 1996, the trial court granted judgment in favor of appellee as to his claims for breach of contract and breach of warranty in the amount of $3,025, but awarded judgment in favor of appellant on appellee's claim for fraudulent misrepresentation. It is clear that the trial court decided that repairs could be made to the addition without the need to tear it down.
Appellee appealed the decision to this court, and in Tomcany v.Kirkpatrick (June 27, 1997), Lake App. No. 96-L-139, unreported, we reversed the trial court's decision and remanded the case for further proceedings. We held that the trial court's decision to allow repairs to be made to the addition would not bring the addition up to code and, therefore, would not provide appellee with an addition in the condition he expected at the time he entered into the contract with appellant. There were two defects in particular that we determined to be not subject to repair but seemed to require replacement; namely, the thickness of the concrete slab, and the lack of a vapor barrier.
Upon remand, the trial court refused to hear additional evidence but, instead, reached a decision based upon the evidence submitted during the original bench trial.
The court found that the only way the addition could be made up to code would be by replacing the concrete slab and installing a vapor barrier. The court found that replacing the slab without tearing down the addition would be difficult, expensive, and simply not a realistic option. Thus, the court awarded judgment in favor of appellee in the amount of $18,530 plus interest, the amount it would cost to tear down and remove the addition, and then build an addition in compliance with the parties' contract. The court's judgment also took into account the value of a new furnace that could be reused from the first addition.
Appellant filed a motion for a new trial claiming that the trial court should take additional evidence and amend the findings of fact. Then, appellant filed a notice of appeal. Subsequently, the trial court denied appellant's motion for a new trial. Appellant has set forth the following assignments of error:
 "1. The trial court erred by not considering evidence before it that the structure need not be torn down in order to comply with the order of the appellate court and the decision is therefore against the weight of the evidence and in contravention of the appellate court order.
 "2. The trial court erred by denying appellant, Kirkpatrick's, motion for a new trial for the purposes of taking additional evidence."
In the first assignment of error, appellant contends that the trial court's decision was against the manifest weight of the evidence in that there was ample evidence presented to support a conclusion that the existing addition did not have to be torn down in order to comply with this court's order. We disagree.
It is well-established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
It is appellant's contention that the addition could have been brought up to code without a complete tear down. In the first appeal, appellant made the same argument and we rejected it. On remand, the trial court followed our lead and held that the existing addition could not be brought up to code without pouring a new slab that contained a vapor barrier. Appellant argues that this conclusion was against the manifest weight of the evidence.
A review of the transcript from the original trial reveals that appellee's expert witness, David W. Bezanson, who had eighteen years experience as a carpenter, subcontractor, and general contractor, and who had inspected the addition, testified that the only way to bring the addition up to code was to tear it down and start over. Thus, there was competent, credible evidence to support the trial court's decision.
Appellant points to the testimony of Scott Amos, the Chief Building Inspector for the City of Mentor, to support his position that the addition did not have to be torn down. While Amos indicated that the addition was salvageable, he did not indicate that any amount of repairs could ever bring the addition up to code. Even if he had made that claim, at most the trial court would have had conflicting testimony to consider and the credibility of witnesses and weight of the evidence is for the trier of fact to resolve. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,23.
Based upon the foregoing analysis, the trial court's judgment was not against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by denying his motion for a new trial.
This court has consistently held that once an appeal has been filed in the appellate court, the trial court is divested of jurisdiction except to take action in aid of the appeal. Westbayv. Westbay (June 26, 1998), Trumbull App. No. 97-T-0069, unreported, at 11; see, also, Howard v. Catholic Social Serv. ofCuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147. A motion for a new trial brought pursuant to Civ.R. 59 is not an action in aid of the appeal. Thus, once appellant filed his notice of appeal, the trial court was divested of jurisdiction to consider his motion for a new trial. Accordingly, the judgment of the trial court denying appellant's motion for a new trial is void since the court did not have jurisdiction to consider that motion. We note that the time for filing a notice of appeal is stayed pending the ruling on a motion for a new trial so the proper procedure would have been to delay filing the notice of appeal until after the trial court ruled on the Civ.R. 59 motion. Appellant failed to do so. Thus, appellant's second assignment of error is also without merit.
However, we note that even if the proper procedural path had been taken, the outcome would be the same as appellant was not entitled to a new trial. Appellant contends that there was such a discrepancy between the trial court's original verdict and its new verdict that its new verdict clearly cannot be supported by competent, credible evidence going to all the essential elements of the case. In the first judgment, the trial court found substantial compliance, even though it would not be up to code requirements. Hence, it ordered a patch-up repair job. In the second judgment, the trial court ordered a complete tear down and rebuild as the only means of meeting code compliance. The difference between the two judgments is simply our intervening opinion overturning the trial court's first decision as to the need for code compliance. In the second decision, the trial court was merely following this court's mandate.
Additionally, contrary to appellant's claim that the trial court's new judgment "shocks the conscience," a review of the trial transcript reveals that it is amply supported by the evidence.
The granting of a motion for a new trial is largely within the discretion of the trial court and should not be disturbed absent a showing that the trial court abused its discretion. Steiner v.Custer (1940), 137 Ohio St. 448; Civ.R. 59(A). Applying this standard, we cannot conclude that it was an abuse of discretion for the trial court to overrule appellant's motion.
Based upon the foregoing analysis, the judgment of the trial court is affirmed.
CHRISTLEY, P.J., and NADER, J., concur.