JOURNAL ENTRY AND OPINION
Appellant Teresina Cox nbm Bowman appeals from the trial court's decision to award her spousal support for the year 1997 rather than the year 1998. This is the second appeal to this court stemming from a 1990 divorce agreement between Teresina and appellee William Cox. This court decided the first Cox v. Cox in 1992 following an appeal by William Cox. Cox v. Cox (Nov. 3, 1994), Cuyahoga App. No. 66080, unreported. Here, Teresina Cox assigns the following errors for our review:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WIFE BY HOLDING THAT HUSBAND'S 1997 INCOME GAVE RISE TO A SPOUSAL SUPPORT OBLIGATION.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WIFE IN FAILING TO USE HUSBAND'S IRS FORM 1099 INCOME, LESS BUSINESS EXPENSES, TO COMPUTE THE SPOUSAL SUPPORT ARREARS HE WOULD PAY IF 1998 WERE THE FINAL YEAR OF HIS OBLIGATION.
Having reviewed the available record and legal arguments of the parties, we reverse and remand the trial court's decision. The apposite facts follow.
On April 16, 1990, William and Teresina Cox divorced, and entered an agreement containing the following spousal support clause:
 In each of the first five (5) years in which [William] has Seventy-five Thousand Dollars ($75,000) or more gross annual income, he shall pay to [Teresina], as spousal support, forty-five percent (45%) of his net income * * *. (Emphasis added.)
The divorce agreement failed to define gross income. The only other reference to gross income is in the following clause:
 The gross income upon which husband's net income is based shall include all personal expenses paid through a business or other entity by or on behalf of husband.
On January 30, 1992, Teresina filed several motions with the trial court including a motion to enforce the spousal support clause. The trial court found, inter alia, that William Cox failed to meet his support obligations. From that decision, William Cox appealed to this court, assigning six errors, including:
 The trial court erred in finding that the formula spousal support included overtime work since the agreement made no mention of overtime.
This court rejected Williams assignment of error, stating:
 * * * [t]he formula is based upon the gross annual earned income of [William]. This phrase is unambiguous. The term gross income is defined as income from whatever source derived. 26 U.S.C.A Section 61. It cannot reasonably be argued that overtime pay, which is earned income, is not included within the definition of gross income. (Emphasis added.)
Cox v. Cox (Nov. 3, 1994), Cuyahoga App. No. 66080, unreported.
Subsequent to this court's decision in the first Cox appeal, William Cox paid Teresina Cox support for the first four years in which his gross income met or exceeded $75,000. These payments are not in dispute, thus only one more year of support obligation remains. William Cox claims that year was 1997, and accordingly, he paid Teresina Cox forty-five (45) percent of his 1997 net income for that year. Teresina Cox, however, argued William Cox did not meet the $75,000 threshold, thus payment was not triggered.
In the first four years in which payment was due, William Cox earned IRS Form W-2 (Wage and Tax Statement) income. In 1997, William Cox did not earn W-2 income; rather he earned IRS Form 1099 (miscellaneous) income, and filed an IRS Schedule C (Profit or Loss From Business) along with his IRS Form 1040 (U.S. Individual Income Tax Return). On the Schedule C, William Cox entered $77,587 on line 7 (Gross income). By subtracting his business expenses from line 7, William Cox's Schedule C Net profit was $69,322. William Cox transferred that number to the section of Form 1040 dedicated to tallying income received from all sources. He added $69,322 and $323 interest income for a 1997 total income of $69,645. William Cox paid support to Teresina Cox in 1997 because, he claims, his gross income for 1997 was that which he reported on Line 7 of Schedule C ($77,587), rather than his total income reported on his Form 1040 ($69,645).
The issue on appeal is whether the trial court properly determined William Cox's 1997 gross income. In reviewing the trial court's decision, this court uses an abuse of discretion standard. The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87, 482 N.E.2d 1248, citing Steiner v. Custer (1940), 137 Ohio St. 448,31 N.E.2d 855; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. In order for there to be an abuse of discretion, the result must be so palpable and grossly volatile of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. Nakoff v. Fairview General Hospital; Essig et al (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3, citing State v. Jenkins (1984), 15 Ohio St.3d 164, 473 N.E.2d 264.
In her first assignment of error, Teresina Cox asserts the trial court erred in holding that William Cox's 1997 gross income exceeded $75,000, thus triggering a spousal support payment. We agree.
William Cox incorrectly uses line 7 of his Schedule C to evidence $77,587 gross income in 1997. He emphasizes that Line 7 is entitled gross income, and therefore is the logical place to find his gross income. William Cox is correct that the only place the term gross income appears on his tax forms is at Line 7 of Schedule C; however, Line 7 of Schedule C asks for the gross income of the tax filer's business, not the gross income of the tax filer himself. From Line 7 of Schedule C the tax filer may deduct strictly business expenses, such as advertising, employee benefits, and supplies. The clause in the divorce agreement that incorporates all personal expenses paid through a business or other entity by or on behalf of husband. does not apply here because the Schedule C expenses are patently business expenses, not personal expenses. Subtracting business expenses from business gross income yields business net profit or (loss) from which the tax filer takes individual gross income. Stated differently, Schedule C reveals the amount of money going through a business and then into the individual tax filer's pocket. The amount of income the business received is not the same as the amount of income William received. The parties agreed that spousal support payments would trigger upon William Cox's gross income reaching $75,000. In calculating his gross income, we use the business' net profit of $69,322, which is the gross income he received from the business.
Our inquiry does not end here. We adhere to this court's decision in the first Cox appeal that gross income is income from whatever source derived. As a result, we must look beyond the gross income William Cox derived from the business, and determine his gross income from all sources. In 1997, the only additional income he reported was $323 in taxable interest. By adding $69,322 and $323 we discover William Cox's 1997 gross income was $69,645. We therefore find that the trial court abused its discretion in determining that William owed spousal support to Teresina for 1997. According to the divorce agreement, William has one remaining year of spousal support obligation. We reach this conclusion because the agreed entry states that income is triggered when William Cox's gross income is $75,000 or more. Here, it was less.
Teresina Cox's second assignment of error argues that the trial court should have determined William Cox's 1998 gross income based on Line 7 of Schedule C. We have already determined that 1997 was not the final year in which William Cox owed spousal support to Teresina Cox, and the proper method of determining William Cox's gross income is his Schedule C profit or loss plus all other income from whatever source derived. Because the record does not fully reflect all relevant information regarding William Cox's 1998 income, we cannot determine whether 1998 was the final year of obligation. Further, the record indicates William Cox may have misstated business income on Line 1 of his 1998 Schedule C. Therefore, we remand this matter to the trial court to determine, in accordance with this opinion, in which year after 1997 William Cox's gross income met or exceeded $75,000.
Judgment reversed and remanded.
This cause is reversed and remanded in accordance with this opinion.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ PATRICIA ANN BLACKMON, J.:
KENNETH A. ROCCO, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.