Zimmerman, J.
 

 There was apparently no studied or deliberate design on the part of the jurors complained of to respond falsely to the question asked, and their accident experience was not a factor entering into their deliberations and verdict. In the mishaps described by two of the jurors, no other motorists were implicated. As to the third juror, whose wife was injured, any predilections he might have had would have been favorable to the plaintiff, and he so stated in his deposition.
 

 We are in agreement with many of the things said
 
 *451
 
 by tbe Court of Appeals in its opinion. Tbe orderly and prompt administration of justice is not served when motions for new trials are granted upon inconsequential or insubstantial bases. And while parties are entitled to fair trials, attempts to impeach verdicts in the manner pursued here should be examined with care and treated with discernment.
 

 However, the granting or refusing of a motion for a new trial rests largely in the sound discretion of the trial court, and it has often been held by the courts of this state that the setting aside of a general verdict and the granting of a motion for a new trial is not such a final order as may be reviewed,
 
 unless it clearly appears that the trial court abused its discretion. Hoffman
 
 v.
 
 Knollman,
 
 135 Ohio St., 170, 183, 20 N. E. (2d), 221, 227; 2 Ohio Jurisprudence, 728, Section 651,
 

 The meaning of the term “abuse of discretion” in relation to the present controversy connotes something more than an error of law or of judgment. Black’s Law Dictionary (2 Ed.), 11. Such term has been defined as “a view or action ‘that no conscientious judge, acting intelligently, could honestly have taken.’ ”
 
 Long
 
 v.
 
 George,
 
 296 Mass., 574, 579, 7 N. E. (2d), 149, 151.
 

 Even under a less severe definition
 
 (State
 
 v.
 
 Ferranto,
 
 112 Ohio St., 667, 676, 148 N. E., 362, 364) there is nothing here to indicate that the judge of the Common Pleas Court was motivated by any unreasonable, improper or arbitrary consideration. He thought he was following opinions in which Courts of Appeals had announced that the failure of a juror to disclose a material matter on his
 
 voir dire
 
 examination required the granting of a new trial at the instance of the complaining party.
 

 Our conclusion is that there was no final order properly reviewable by the Court of Appeals. Consequently, its judgment is reversed and the cause re
 
 *452
 
 manded to the Court of
 
 Common
 
 Pleas for further proceedings.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Day, Williams, Matthias and Hart, JJ., concur.