BOELTER, APPELLANT, *v.* MOWN, APPELLEE.

(No. 4501—Decided January 29, 1951.)

*Messrs. Lamb, Goerlich & Mack,* for appellant.
*Mr. Dan H. McCullough,* for appellee.

CARPENTER, J. In this action for damages for personal injuries sustained from an alleged assault and battery, the jury returned a verdict for the plaintiff. A motion for judgment notwithstanding the verdict was overruled. A motion for a new trial filed by defendant "upon the ground that the judgment herein is not supported by sufficient evidence" was granted.

From that order this appeal on questions of law was taken.

The only error assigned is that the court, in making such order, abused its discretion. Citing *Steiner* v. *Custer,* 137 Ohio St., 448, 31 N. E. (2d), 855, the plaintiff concedes that such order is not error unless it clearly appears that in making it the court abused its discretion. The second paragraph of the syllabus of that case is as follows:

"The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court."

The plaintiff alleged that defendant, who keeps a hotel, pushed him down three flights of stairs and into the street where plaintiff sustained a broken leg. Defendant denied that he pushed plaintiff or caused him any injury.

Plaintiff sought to make his case by his own testimony and cross-examination of the defendant. A woman who accompanied the plaintiff at the time of the alleged assault was not called as a witness. The defendant, his wife, several employees, and a tenant in defendant's hotel, who said they were witnesses to what took place, sustained defendant's denial.

By overruling defendant's motion for judgment notwithstanding the verdict, the court recognized that there was some evidence to support the plaintiff's claim.

The plaintiff contends that the court did not have the right to determine the credibility of the witnesses and the weight of the evidence, and that these functions were exclusively for the jury. Ordinarily that is true, but there are other considerations which have to be reconciled with this general proposition.

Section 11576, General Code, sets forth the grounds on which a motion for a new trial may be granted.

Among them, in subsection six, is "that the final order, judgment, or decree is not sustained by sufficient evidence, or is contrary to law."

This provision imposes a duty upon the trial court to determine the sufficiency of the evidence.

In harmony with this provision and as a safeguard against an error of judgment under this power, either by the trial court or a reviewing court, Section 11577, General Code, provides:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

That the Court of Appeals has power to reverse a judgment on the weight of the evidence is implied by Section 6 of Article IV of the Constitution of Ohio, where it is provided that that court can not reverse a judgment "entered on the verdict of the jury" on the weight of the evidence "except by the concurrence of all three judges of a Court of Appeals."

These positive provisions of law are meaningless if, as plaintiff contends, the finding of the jury on conflicting evidence is sacrosanct. The correct measure of the trial court's action is to apply the definition of the term, "abuse of discretion," as stated above. By that measure, this court concludes that, on the record herein, it does not "clearly appear" that the court abused its discretion in making the order granting a new trial, but rather that it was clearly within its authority in so doing, and its action is affirmed.

*Judgment affirmed.*

Conn and Fess, JJ., concur.