This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment granting a request by Appellee Shirley Wendelken, the paternal grandmother of Janelle Rodes, to modify the visitation schedule with Janelle. Melanie Rodes, Janelle's natural mother and appellant herein, raises the following assignment of error for our review:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE PATERNAL GRANDMOTHER'S MOTION FOR MODIFICATION OF VISITATION RIGHTS."
On June 14, 1993, the trial court granted appellee visitation with her granddaughter, Janelle. At that time, the court noted the special relationship that exists between Janelle and appellee. Appellee served as Janelle's primary caregiver from the time Janelle was eighteen months old until she reached six years of age.
On June 24, 1998, appellee requested the court to enlarge her grandparent visitation. Appellee requested the court: (1) to increase summer visitation from four to eight weeks; (2) to include Christmas day visitation in alternative years; and (3) to clarify issues regarding the spring vacation and spring visitation period.
At the hearing on the motion, appellee testified that she had a good relationship with Janelle. Appellee states that she desired more "quality time" with her granddaughter.
Appellant testified that expanded visitation will disrupt Janelle's activities, including Bible school and other church activities, basketball, volleyball, drama class, school band, summer camp, Girl Scout activities, and Taekwon-DO. Appellant further stated that Janelle was starting the seventh grade and that she expected time demands to increase. Appellant further noted that many members of Janelle's extended family reside near their home in the Indian River, Michigan area. We note that appellant candidly and admirably acknowledged that Janelle and appellee share a special bond. Additionally, it appears that the trial court judge interviewed Janelle in chambers.
On December 22, 1998, the trial court granted appellee's motion and enlarged the visitation schedule. Appellant timely appealed the trial court's judgment.
In her sole assignment of error, appellant asserts that the trial court erred by granting appellee's motion to modify the existing visitation schedule. Appellant contends that the trial court's judgment constitutes an abuse of discretion. Appellee argues that the trial court properly considered the evidence and did not abuse its discretion.
In Bratz v. Bratz (1999), 85 Ohio St.3d 40, 706 N.E.2d 1218, the Ohio Supreme Court held that a party requesting a visitation schedule modification need not show a change in circumstances in order for the court to modify the visitation rights. Rather, the court held that trial courts confronting this issue must consider the pertinent statutory factors and determine appropriate visitation in the exercise of its sound discretion. See, also,Archer v. Archer (Sept. 24, 1997), Pickaway App. No. 96 CA 37, unreported.
Thus, we must review the trial court's judgment in the instant case under the abuse of discretion standard. We note that an abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342, 695 N.E.2d 1140, 1142; Malone v. Courtyardby Marriott L.P. (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242,1249; Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855
at paragraph two of the syllabus. In order to constitute an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1, 3. Further, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991). 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184; Berkv. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301,1308.
After our review of the record, we conclude that the trial court's judgment is not unreasonable, arbitrary or unconscionable. The evidence reveals that a special bond exists between appellee and Janelle. We recognize, however, that expanded visitation could create a hardship for appellant and her family members. Nevertheless, we find nothing in the trial court's decision that provides a sufficient basis on which to conclude that the trial court abused its discretion. The abuse of discretion standard is a difficult standard to meet and appellant has not convinced us that the standard has been met in the casesub judice.
Accordingly, based upon the foregoing reason we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Dissents, Kline, P.J.: Concurs in Judgment 
Opinion.
For the Court
 By: _______________________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.