OPINION
On May 23, 1997, Betty Jones was indicted on one count of involuntary manslaughter, in violation of R.C. 2903.04, and one count of endangering children, in violation of R.C. 2919.22. She entered a plea of "not guilty" to each count at arraignment. She initially was represented by private counsel.
Pre-trial discovery was pursued and the trial date which was initially set for September 5, 1997, was delayed so the parties could obtain additional information, especially medical information contained in grand jury transcripts. A second trial date was set for November of 1997 and then a third date was assigned for January of 1998. A fourth trial date was set for February of 1998 and the case proceeded to trial at that time. The case was tried to a jury and Ms. Jones was ultimately convicted of both charges.
The trial judge ordered preparation of a presentence investigation report before sentencing. A large amount of private correspondence was also provided to the judge before sentencing, and is now present in the record before us. After considering the information before him, the trial judge sentenced Ms. Jones to a term of seven years of incarceration and merged the two offenses for purposes of sentencing.
New counsel was appointed to represent Ms. Jones on appeal. On March 16, 1999, a panel of this court reversed the convictions and remanded the case for a new trial. Appellate counsel was then permitted to withdraw and the Office of the Franklin County Public Defender was appointed to represent Ms. Jones.
The Franklin County Public Defender had served as guardian ad litem for the child Betty Jones was accused of killing, so new counsel was appointed on August 27, 1999. The second trial was then continued from the scheduled date of September 22, 1999 to November 29, 1999. On November 30, 1999, new defense counsel entered an appearance as co-counsel.
A second jury trial was conducted and that jury also found Ms. Jones guilty of both charges. The trial judge again sentenced Ms. Jones to seven years of incarceration.
New appellate counsel has been appointed and a second direct appeal has been perfected. Three assignments of error are presented for our consideration:
 FIRST ASSIGMENT OF ERROR: It was an abuse of discretion for the Court to refuse Defendant-Appellant a continuance when her counsel had only met with her less than a week before trial at the earliest, and had not meaningfully attempted to find an expert for trial.
 SECOND ASSIGNMENT OF ERROR: It was reversible error for the Court to permit cross-examination by the State of the Appellant when the "testimony" obtained was recitation of impermissible testimony from the prior trial of the case.
 THIRD ASSIGNMENT OF ERROR: Performance of Appellant's counsel deprived Appellant of her constitutionally protected right to effective assistance of counsel.
In the first assignment of error, counsel for Ms. Jones asserts that the trial court abused its discretion when it failed to grant a continuance of the trial date when the request was made on the morning of trial. The reason asserted for the request was that new counsel had been retained to assist in representing Ms. Jones and that attorney needed time to be fully prepared for trial.
"The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157, citing Steiner v. Custer (1940),137 Ohio St. 448. See, also, State v. Filiaggi (1999), 86 Ohio St.3d 230
. Trial courts generally have broad discretion in deciding whether to grant a continuance. Determining whether the trial court has abused its discretion in denying a continuance "depends upon the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'"State v. Powell (1990), 49 Ohio St.3d 255, 259, quoting Ungar v.Sarafite (1964), 376 U.S. 575, 589.
The record indicates that the newly retained attorney sought only to co-counsel the case with the attorney who had previously been appointed to represent Ms. Jones. The previously appointed counsel asserted that he was prepared to proceed to trial. New counsel was permitted to assist in the defense and to participate in the trial.
Given the long delays which had already occurred and the fact that an attorney represented to the court his readiness to proceed with trial, we cannot say that the trial court abused its discretion in refusing another continuance, especially one presented on the morning of trial.
Because appellant has not demonstrated an abuse of discretion, we overrule the first assignment of error.
Turning next to the third assignment of error, appellant asserts that Ms. Jones received ineffective assistance of counsel at trial.
The standard we are to apply in determining whether counsel rendered ineffective assistance is set forth inStrickland v. Washington (1984), 466 U.S. 668. To find the existence of ineffective assistance of counsel, an appellate court must find both that counsel's performance was so deficient that the attorney was not functioning as counsel and that the deficient performance prejudiced the defense. Neither prong of theStrickland test has been demonstrated here.
Both defense counsel prepared for the second trial with the benefit of a full transcript of the testimony of the first trial. The issue was fundamentally the same — who beat Tahtijuana Moore, age twenty-one months, so severely that she died.
Ms. Jones asserted that she had not beaten the child and that the injuries must have been inflicted while Tahtijuana was participating in family visitation at a Franklin County Children Services ("FCCS") office the day before she died. The facts surrounding the visitation made this assertion most unlikely. The visitation occurred in the presence of the child's biological parents, maternal grandmother and three brothers. A caseworker and other employees of FCCS were in and out of the visitation room. A caseworker drove the child to Betty Jones's home after the visitation and noticed no injuries during the time the child was being transported.
While the facts surrounding the visitation made Betty Jones's assertions unlikely, the medical evidence presented made her assertions seem utterly impossible. Elizabeth Gilles, M.D., a pediatric neurologist, testified that the child's injuries were so severe that Tahtijuana would not have been able to eat, chew, swallow, walk or talk after the injuries the child sustained. Patrick Fardal, M.D., identified ten separate areas of injuries to the child's head and various injuries to other parts of the child's body.
Appellate counsel suggests that trial counsel was ineffective for failing to find an expert to counter the overwhelming medical testimony indicating that Tahtijuana was beaten less than two hours before she was hospitalized — a time when Betty Jones was the only adult present. Nothing in the record before us demonstrates that a competent, credible medical expert exists who would testify that the injuries were inflicted the day before. Counsel cannot be ineffective by failing to discover what may not exist.
No other purported lapses of counsel, as alleged on appeal, could arguably have affected the trial's outcome.
The third assignment of error is overruled.
Finally, the second assignment of error presents the question of whether or not the trial court erred in permitting the state of Ohio to use portions of Ms. Jones's testimony in her first trial to cross-examine her when she chose to testify in her second trial.
In reviewing evidentiary rulings, an appellate court is generally bound by an abuse of discretion standard. We have addressed the meaning of "abuse of discretion" above.
We cannot say that the trial court abused its discretion in permitting Ms. Jones's previous sworn statements to be used. Specifically, Ms. Jones had testified under oath "I have been taught by the Bible that there's nothing wrong with it, using the rod" and "I think I said I have spanked my child before."
These statements were used to test the credibility of Ms. Jones's own testimony and the testimony of her children as to her conduct in disciplining children. The cross-examination was appropriate.
In Ms. Jones's first appeal, this court reversed because the state of Ohio had violated Crim.R. 16 which requires that prior statements of a defendant be provided when discovery is demanded. We were concerned about the state of Ohio failing to disclose a statement in its possession until the trial was almost over and then using the statement to cross-examine an accused defendant at a time when the defense theory could not be changed. However, Ms. Jones was clearly aware of the prior statement and her prior testimony when she took the witness stand the second time. Our previous ruling did not bar future use of the challenged statements.
Having found no abuse of discretion, the second assignment of error is overruled.
All three assignments of error having been overruled, the judgment and sentence of the trial court are affirmed.
LAZARUS and DESHLER, JJ., concur.