DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas following the return of a jury verdict in a negligence action. Because we conclude that the trial court did not err in the admission of a videotaped deposition, we affirm the defense verdict.
Appellant, Craig Descamps, was hired by appellee, Stacy Kripke, and her husband, to do remodeling work on their kitchen. On March 18, 1995, after completing his work for the day, appellant accepted the invitation of Mrs. Kripke's son, Adam, to jump on appellees' trampoline. While he was using the trampoline with Adam and Adam's friend, appellant "bottomed out," sustaining injuries to his back. As a result, appellant filed an action for negligence against Mrs. Kripke and her son.
Appellees gave notice to appellant of their intent to take a videotaped deposition of Adam for use at trial. Appellant appeared and cross-examined Adam, but would not stipulate to the deposition's use at trial.
On October 12, 1999, approximately one week before trial, appellees filed with the court Adam's videotaped deposition "for use at trial," along with the video depositions of three doctors. At trial, appellees requested permission to play Adam's videotaped deposition, because Adam was attending college in Colorado and traveling to Ohio would cause him to miss an entire week of classes. Over appellant's objections, the trial court permitted the playing of the deposition. The jury ultimately found in favor of appellees.
Appellant now appeals, setting forth the following sole assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT BY PERMITTING APPELLEE ADAM KRIPKE TO TESTIFY AT TRIAL BY WAY OF VIDEOTAPE, AS MR. KRIPKE'S ABSENCE FROM THE TRIAL WAS VOLUNTARY, THEREBY RENDERING HIS PRETRIAL DEPOSITION TESTIMONY INADMISSIBLE AT TRIAL AS A MATTER OF LAW."
Civ.R. 32(A)(3) states in pertinent part:
 "The deposition of a witness, whether or not a party, may be used by any party for any purpose if the Court finds: * * * (b) that the witness is beyond the subpoena power of the court in which the action is pending or resides outside of the county in which the action is pending unless it appears that the absence of the witness was procured by the party offering the deposition; * * * or (g) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."
In addition, trial courts enjoy considerable discretion under Evid.R. 611(A) with respect to the method and mode by which evidence is introduced during a proceeding. See State v. Williams
(May 18, 1998), Highland App. No. 97CA928, unreported; Smith v.Moore (May 15, 1998), Scioto App. No. 97CA2509, unreported;Hatfield v. Hatfield (Mar. 18, 1996), Ross App. No. 95CA2112, unreported. A decision to permit the introduction of certain evidence at trial will not be reversed on appeal absent a showing of an abuse of that discretion. See Landis v. Grange Mut. Ins.Co. (1998), 82 Ohio St.3d 339, 342. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Malone v.Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440, 448; Steinerv. Custer (1940), 137 Ohio St. 448, paragraph two of the syllabus. Further, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,138; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
In this case, appellees properly noticed appellant that they intended to use Adam's videotaped deposition at trial. In addition, while Adam may have been "voluntarily" absent, he was attending college in another state halfway across the country and was beyond the subpoena power of the trial court. No evidence was presented to show that he was deliberately trying to avoid the jurisdiction of the court or that appellant was prejudiced by the use of the deposition. While the trial court did not specifically state its reason for allowing the deposition to be played, in our view, the facts support its admission under Civ.R. 32. Therefore, we cannot say that permitting the use of the deposition in this case was outside the discretion of the trial court.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.