OPINION
Plaintiffs Martin and Jennifer Hayes appeal a judgment of the Court of Common Pleas of Coshocton County, Ohio, which overruled their motion for relief from judgment. Appellants assign two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN DENYING PLAINTIFFS RELIEF BY FAILING TO GRANT THEM THE ABILITY TO WITHDRAW AND AMEND THEIR ANSWERS TO DEFENDANT HORN'S REQUEST FOR ADMISSIONS.
 II. THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN FAILING TO REOPEN THE MOTION FOR SUMMARY JUDGMENT.
The record indicates on August 17, 1999, defendant-appellee William Horn served requests for admission on counsel for appellants. Counsel for appellants forwarded the documents to appellants. On September 29, 1999, appellee moved the court to deem the requests admitted, because appellants had failed to respond. Appellants filed a brief in opposition on October 14, 1999, but the trial court sustained appellee's motion and deemed the requests admitted on November 4, 1999.
Thereafter, on March 3, 2000, appellee moved for summary judgment and appellants did not defend. On March 21, 2000, the court entered summary judgment on behalf of appellee, and dismissed the appellants' complaint.
On March 27, 2000, appellants filed their motion for relief from judgment, or in the alternative, for extension of time to respond to the summary judgment. The court overruled the motion, and this appeal ensued.
 I
Appellants' first assignment of error challenges the court's denial of their motion to withdraw and/or amend answers to appellee's request for admission.
We find we do not have jurisdiction over this matter. The summary judgment entered on March 21, 2000, was a final appealable order, and when that judgment was not appealed, appellants waived any challenge to the court's rulings in discovery.
The first assignment of error is overruled.
 II
In their second assignment of error, appellants urge the trial court abused its discretion in not sustaining the motion for relief from judgment.
In GTE Automatic Electric Company, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, the Ohio Supreme Court held:
 (2) To prevail on a motion brought under Civ. R. 60 (B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60 (B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60 (B)(1)(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 (3) Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits.
Syllabus by the court, paragraphs two and three.
The grounds stated in Civ. R. 60 (B) are:
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
Appellants argued Civ. R. 60 (B) (1) applied here, mistake, inadvertence, surprise or excusable neglect. The trial court's judgment entered July 25, 2000, found there was no showing of excusable neglect. The court further found the result reached was not unjust because appellants had failed to respond in discovery, and also had failed to timely respond to the motion for summary judgment. The court pointed out it was appellants, not appellee, who brought the action in first place. Finally, the court noted Civ. R. 36 provides that an admission is deemed admitted by operation of law if, once a request for admission has been properly made and served, no answer or objection is served within the time limit. The court found its intervention in the discovery process was unnecessary in this case.
A motion made pursuant to Civ. R. 60 (B) is addressed to the trial court's broad discretion, GTE, supra, at 153. This court may not reverse such a judgment unless we find the trial court abused its discretion. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is "unreasonable, arbitrary or unconscionable" See e.g. Steiner v. Custer (1940), 137 Ohio St. 448.
Our review of the record leads us to conclude the trial court did not abuse its discretion in overruling appellants' motion for relief from judgment made pursuant to Civ. R. 60 (B)(1).
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellants.
 ________________________ Gwin, P.J.
Edwards, P.J. and Farmer, J., concur.