JOURNAL ENTRY AND OPINION
Plaintiff-appellant Susan R. Crystal (d.o.b. December 27, 1941; wife) appeals from the trial court's award of $850 as additional support towards her attorney fees, instead of the requested amount of $9,632. For the reasons adduced below, we affirm as modified.
A review of the record on appeal indicates that wife and defendant-appellee Larry Crystal (d.o.b. December 16, 1938; husband) were married on December 25, 1971 and divorced on April 11, 1991, following a marriage of approximately nineteen years and four months.[1] There was no appeal from this divorce decree. The parties had no children during the marriage. In the divorce decree, husband was obligated to pay wife $2,500 per month (plus 2% poundage) in support alimony for a period of nine (9) years, with the possibility that it could be extended for an additional four years based on a demonstration of need arising from wife's Crohn's Disease. See Journal Vol. 1772, page 407-408. The separation agreement provides for the spousal support payments, as follows:
 These payments shall not be subject to modification by the Court for any reason whatsoever. It is understood that the wife is presently being treated for Crohn's Disease. Therefore, for that reason only, the Court may review the support alimony award at the end of the nine (9) year period (December 31, 1999). Should the Court then determine that there remains a need for support alimony to be paid to the wife, the Court shall not have jurisdiction to increase payments of the support alimony to the wife in excess of Two Thousand Five Hundred Dollars ($2,500.00) per month, nor shall it have jurisdiction to require the husband to pay support alimony to the wife beyond December 31, 2003. (Italicization added.)
Journal Vol. 1772, page 414.
On September 22, 1999, wife filed a motion to modify spousal support (#42564) so as to continue the support payments for an additional four-year period beyond the nine-year period ending on December 31, 1999. This motion also sought payment of wife's attorney fees for seeking the four-year extension of support (see #42565). On October 7, 1999, wife filed a request for production of documents by the husband. On November 8, 1999, wife filed a motion for interim attorney's fees (#44792) so as to provide wife the money she allegedly needed to provide for discovery relating to the motion to modify support. Finally, on November 18, 1999, wife filed a motion to compel discovery; discovery which she sought in order to demonstrate the merits of her motion to modify spousal support. In response to the wife's discovery attempts and her subpoena to secure the attendance of husband and his production of evidence and testimony as to his income and finances at the upcoming hearing on the motion to modify spousal support, husband filed on February 7, 2000, shortly before the commencement of the hearing, a motion for protective order and a motion to quash the subpoena.
On February 7, 2000[2], the date the motions were heard by a Magistrate of the trial court, the Magistrate denied wife's motion to compel discovery and granted husband's motions for protective order and to quash. Wife appeared at this hearing with counsel but husband did not appear at the hearing; husband's counsel did appear. The Magistrate recognized at the commencement of the hearing that the parties had reached an agreement relative to the motion to modify spousal support (#42564) and a motion for temporary restraining order (#44791), which agreement extended the $2,500 monthly spousal support for an additional four (4) years. See Journal Vol. 3529, pages 605-609, journalized February 9, 2000.[3] Therefore, the only matter before the Magistrate was the issue of reasonable attorney fees relative to wife having sought an extension of spousal support. The parties stipulated to the admission of husband's 1999 Internal Revenue Service Form W-2, which reflected that husband had earned $212,653 in gross pay, or $203,848.92 in reported W-2 wages, that year. See Plaintiff's Exhibit 45. The Magistrate heard evidence from the parties, and wife proffered evidence to the Magistrate.
At this hearing, attorney Roger Heller, who received his law license in 1975, testified as to his legal experience, his billing methodology, and the nature, necessity, and reasonableness of his billed services to the wife, who had retained his services in early April of 1999. See Plaintiff's Exhibits 13-15, 17-18, 46. Attorney Heller explained that his billing statement was segregated into a number of subsections, and that the first subsection dealt with services expended from the time of his retainer to February 3, 2000, on behalf of obtaining spousal support for an additional four-year period. (Tr. 15-16, 52.) Attorney Heller also testified that, as of January 19, 2000, the wife had paid him $8,771.80 for legal services. (Tr. 46-47.) Wife's counsel claimed to have spent a total of 49.4 hours, at $195 per hour, in the prosecution of this post-decree effort to modify the spousal support for an additional four years; the total amount claimed due being $9,632. Wife's counsel also sought an additional $200, which sum represents obtaining a medical report from Dr. Kurlander which details wife's current medical condition as of July 8, 1999. See Plaintiff's Exhibit 40. These attorney fees were sought as additional support pursuant to R.C. 3105.18(H). (Tr. 8.) Wife's counsel was also aware that the wife had filed suit against her original divorce attorney for legal malpractice involving representation during the divorce proceedings. (Tr. 58.) On re-cross examination, wife's counsel testified that as of January 15, 2000, wife's legal representation account showed a balance owing of $2,077, but a payment of $1,462 was made on the balance, so the effective balance as of January 15, 2000 was $814.50. (Tr. 63.)
The wife testified at the hearing as well. She detailed that she was single and unemployed as a result of medical problems associated with Crohn's Disease, which disease has afflicted her from 1991 to the present, and other medical ailments. She last worked in 1994 as a part-time medical secretary. At the time of the hearing her income was composed of a monthly gross Social Security disability payment of $475 and the $2,500 in monthly spousal support. She claimed monthly expenses of $3,379. See Plaintiff's Exhibit 18. She claimed debts totaling approximately $19,000. See Plaintiff's Exhibit 18, which is alternately identified as Plaintiff's Exhibit 30. Of that $19,000 amount, approximately $15,700 is owed to an MBNA credit card account, which amount includes a cash advance of $9,000 she paid to her present counsel for his legal services.
The husband generally opposed the wife's request for attorney fees on several grounds: (1) that much of the legal services were premature and by the wife as the services were incurred prior to December 31, 1999, the date the trial court obtained subject matter jurisdiction over the matter pursuant to the terms of the 1991 divorce decree; (2) that wife did not have jurisdiction to file the motion to modify child support prior to December 31, 1999 under the terms of the divorce decree; (3) that the requested fees were unreasonable; and (4) that an award of additional alimony/support as attorney fees, which wife has sought in requesting attorney fees, in precluded by the terms of the divorce decree.
The Magistrate issued his report and recommendation on April 14, 2000, awarding wife $1,170 as reasonable attorney's fees for prosecuting the motion to modify spousal support. With leave of court, wife filed objections to this report on June 16, 2000. On December 8, 2000, the trial court, in a one-sentence order without elaboration or reasoning, sustained wife's objections and remanded the matter back to the Magistrate for an amended decision. See Journal Vol. 3683, page 265.
The Magistrate issued an amended report and recommendation on January 10, 2001, reducing the wife's award of reasonable attorney's fees from $1,170 to $850. With leave of court, wife filed objections to the amended report on February 14, 2001. On April 13, 2001, the trial court overruled wife's objections and affirmed and adopted the Magistrate's amended report as the judgment of the court. See Journal Vol. 3746, pages 438-439. Wife's May 10, 2001 notice of appeal is from this April 13, 2001 order.
Wife presents two assignments of error for our review. Since each assignment argues the propriety of the attorney fee award, the assignments will be discussed jointly. The assignments provide:
 I THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE (SIC) ERROR BY FAILING TO AWARD PLAINTIFF-APPELLANT REASONABLE ATTORNEY'S FEES WHEN IT AWARDED HER $850 EVEN THOUGH $9,632 WAS REQUESTED AND APPROPRIATE, AND EVEN THOUGH THE UNREBUTTED EVIDENCE DEMONSTRATED THAT THE WORK PERFORMED WAS REASONABLE AND NECESSARY, DEFENDANT-APPELLEE HAD THE ABILITY TO PAY THE REQUESTED FEES, AND PLAINTIFF-APPELLANT COULD NOT AFFORD TO PAY THE FEES AND THEREFORE WOULD HAVE BEEN PREVENTED FROM LITIGATING HER RIGHTS.
 II THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE APPROPRIATE EVIDENCE AND BY FAILING TO COMPLY WITH THE PROVISIONS OF R.C. S3105.18(H) AND CASE LAW REQUIRING THAT DEFENDANT'S INCOME AND ASSETS BE CONSIDERED IN DETERMINING APPROPRIATE ATTORNEY'S FEES.
The award of attorney fees, relative to the post-decree motion to modify spousal support herein, is governed by R.C. 3105.18(H), which provides the following in pertinent part:
 In divorce . . . the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to . . . any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
Also see Swanson, infra, and Loc.R. 21(B) of the Cuyahoga County Common Pleas Court, Domestic Relations Division (which defines the types of evidence and testimony which is required to be presented in support of a motion for attorney's fees).
An award of attorney's fees can only be reversed if it is shown that the trial court abused its discretion. Birath v. Birath (1988),53 Ohio App.3d 31; Swanson v. Swanson (1976), 48 Ohio App.2d 85. The "abuse of discretion" standard has been recently discussed by this appellate court:
 The term abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, citing Steiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. In order for there to be an abuse of discretion, "the result must be so palpable and grossly volatile of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *" State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264.
Aponte v. Aponte (Feb. 15, 2001), Cuyahoga App. Nos. 77394 and 78090, unreported, 2001 Ohio App. LEXIS 529 at 4.
In the present case, in the separation agreement, the divorce decree clearly states that the trial court retained jurisdiction to modify the monthly spousal support award for an additional four years only on a demonstration of need resulting from the wife's Crohn's Disease, and this jurisdiction to modify vested on January 1, 2000. There can be no question that the wife demonstrated a need for the modification based on her continuing affliction with Crohn's Disease and its associated debilitative effects which prevent her from working. There is also no question that the husband, as evidenced by his 1999 W-2 statement, enjoys a far superior financial situation in terms of earnings and there is no evidence to suggest that he is unable to pay an award of attorney's fees, up to and including the amount requested by wife. The wife's ability to pay attorney fees is severely compromised. Likewise, there is no question that the parties, in the separation agreement which became part of the divorce decree, agreed that the trial court's jurisdiction to "review" spousal support would begin "after December 31, 1999," in other words, on January 1, 2000. Thus, wife's filings and legal activities made prior to January 1, 2000, relative to a modification of spousal support, were premature as the trial court lacked subject matter jurisdiction to review the issue of spousal support. Concurrently, the trial court was without jurisdiction to award attorney fees relative to the premature efforts to gain review of the modification of spousal support. Thus, any fees relating to legal services rendered prior to January 1, 2000, were premature and unwarranted. Only legal fees subsequent to January 1, 2000 and in furtherance of the modification of spousal support are subject to an award of attorney's fees. This is so because, at the time of the Magistrate's February 7, 2000 hearing, the extension of support agreement between the parties had yet to be journalized as an order of the court. Thus, with the issue of modification still pending before the court, any work subsequent to January 1, 2000 in furtherance of modification was warranted by counsel in the event that settlement efforts had fallen apart and made a ruling necessary on the motion to modify support.
This view, as recognized by appellant's counsel, seems harsh since it places the wife in the unenviable position of having the spousal support stop prior to the court reviewing the issue of a modification. The potentially negative financial aspects to wife in such a development, to-wit, the danger and uncertainty of having a monthly source of income of $2,500 cease for a period of time until the support award, and any arrearage thereto, can be made whole from the time of the support cessation, are obvious. However, such a consequence is precisely the result from what the parties agreed to in their separation agreement by precluding review jurisdiction of the trial court until one day after the original spousal support period of nine years had expired. In hindsight, it would have been prudent for the parties to vest the trial court with review jurisdiction commencing before the expiration of the spousal support so as to permit time for the court's review of modification while the original support payments were still being received by the wife.
Wife's counsel testified that he billed his services at the rate of $195 per hour (an amount which was not contested as unreasonable or excessive by husband's counsel) and that there was a balance of $814.50[4] due for legal services for the period of December 16, 1999 through January 15, 2000; this amount is also reflected in the itemized billing statement contained in Plaintiff's Exhibit 46. A closer review of counsel's itemized billing statement reflects that 0.4 hours were earned on December 20, 1999, and the remaining hours, a total of 6.4 hours, were for services rendered between January 5 and January 14, 2000. Deducting $78 (the fee for 0.4 hours earned prematurely in 1999) from $814.50 leaves a balance of $736.50. Wife's counsel testified that there were some minor charges not reflected in Plaintiff's Exhibit 46, charges which were incurred subsequent to that January 20, 2000 billing statement. These additional charges, relative to an extension of spousal support for four additional years beyond 1999, include a total of 1.2 hours billed between January 17 and January 20, 2000, see Plaintiff's Exhibit 13-D, which amounts to an additional $234 (1.2 hours x $195/hour = $234). Adding $736.50 and $234 produces total attorney's fees earned in 2000 of $970.50 relative to the four-year extension of spousal support. The attorney fee award of the trial court is therefore modified to reflect an attorney fee award of $970.50.
Assignments overruled.
Judgment affirmed as modified.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] In this separation agreement, the following assets were divided in addition to the spousal support award which was deemed to have begun on October 16, 1990 for purposes of temporary support: (1) husband would pay all debts in his name and all joint debts incurred prior to their separation on November 14, 1989; (2) husband would pay the costs of the divorce proceeding; (3) of the $19,000 held in a joint savings account, husband would receive $4,000 of that amount with the remainder to go to the wife; (4) that each party receive the automobile they were driving at the time; (5) that each party retain those accounts held in their name only; (6) the parties mutually divided the tangible and intangible property, real and personal, including household goods, furnishings to their satisfaction; (7) husband agreed to pay wife, as additional alimony, the sum of $7,000 prior to 1993; (8) husband would pay any arrearage which had developed in the temporary spousal support amount up to the time of divorce; (9) husband agreed to maintain at least $150,000 in life insurance with wife as the beneficiary; (10) husband, as additional alimony and support, agreed to pay $5,000 toward wife's attorney's fees.
[2] The hearing was originally scheduled to be heard on January 3, 2000, but was continued by the court to February 7, 2000 based on the wife's motion for continuance. See Journal Vol. 3504, page 205, journalized December 20, 1999.
[3] The wife's counsel testified at the February 7, 2000 motion hearing that the agreement, which extended the spousal support period an additional four years and had gone through seven drafts, was signed by the parties ten days before that hearing. (Tr. 33.) Wife's counsel testified on cross-examination that the parties had agreed to a four-year extension at a meeting between counsel conducted on November 22, 1999. (Tr. 56-57.)
[4] This amount reflects a credit of $511.50 for a previous billing error for the services of a paralegal.