OPINION JUDGMENT ENTRY
{¶ 1} Defendant Midwest Savings Bank appeals a judgment of the Court of Common Pleas, of Ashland County, Ohio, which overruled its motion for relief from default judgment made pursuant to Civ. R. 60(B). Appellee is Bank One of N.A. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court created reversible error when it abused its discretion in overruling midwest savings bank's motion for relief from judgment."
 {¶ 3} The record indicates on May 8, 2002, appellant filed a complaint in foreclosure against Dennis and Pomi Evans and appellee. On May 13, 2002, Evans filed a Chapter 7 Bankruptcy action in the Bankruptcy Court for the Northern District of Ohio, Eastern Division. On May 16, 2002, appellee filed a separate complaint in foreclosure. Eventually, the trial court dismissed both foreclosure actions, and both re-filed their complaints: appellee, in November of 2002, and appellant in February, 2003. When appellant filed no answer to appellee's foreclosure action, appellee obtained a default judgment. The Evans' property was scheduled for sale on March 31, 2003.
 {¶ 4} On March 31, 2003, the bankruptcy specialist for appellant contacted appellant's counsel regarding the sale of the Evans' property. At this point, it became apparent appellant had mistakenly thought appellee's foreclosure action was actually its own. The bankruptcy specialist had received a copy of appellee's complaint in December of 2002, but believed it was appellant's lawsuit. She did not forward it to defense counsel, but instead put it in her file. She did the same with other documents pertaining to appellee's suit. It was not until March 31, 2003, that appellant learned of the error, and it immediately filed a motion to stay the foreclosure sale.
 {¶ 5} Civ. R. 60(B) states:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 6} In the case of GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, the Ohio Supreme Court explained Civ. R. 60(B). In order to prevail under a motion brought pursuant to this rule, the movant must demonstrate: 1) The party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to the relief under one of the grounds set forth in the rule; and 3) the motion is made within a reasonable time, and for reasons 1, 2, and 3 not more than one year after the judgment was entered.
 {¶ 7} Appellant's alleged meritorious defense is that it had the first and best lien on the property pursuant to a mortgage Evans took on the property on December 23, 1993.
 {¶ 8} Appellant's reason why it is entitled to relief from judgment is Subsection 1, its failure to defend was the result of a mistake, inadvertence, or excusable neglect. Appellant concedes appellee properly served it, but appellant simply did not log the matter into the computer system as new litigation and follow up according to its ordinary procedure. Instead, the officer of the bank did not understand it was a summons and complaint, but rather, assumed it was documentation about appellant's own claim.
 {¶ 9} The Supreme Court noted where timely relief is sought from a default judgment, and there is a meritorious defense, doubt should be resolved in favor of the motion to set aside the judgments so that cases may be decided on their merits, GTE,
supra.
 {¶ 10} A motion for relief from judgment made pursuant to Civ. R. 60(B) is directed to the sound discretion of the trial court, and this court will not disturb that decision absent an abuse of discretion, Griffey v. Rajan (1987),33 Ohio St.3d 75. The Supreme Court has repeatedly held abuse of discretion indicates the trial court's judgment was unreasonable, arbitrary, or unconscionable, see, e.g. Steiner v. Custer (1940),137 Ohio St. 448, 19 O.O. 148.
 {¶ 11} The trial court found this matter did not rise to the level of excusable neglect. We find the trial court did not abuse its discretion.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 {¶ 14} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant.