OPINION
Defendant-appellant Lee Vandenberg appeals the June 23, 2004 Judgment Entry entered by the Licking County Municipal Court, which overruled his Civ. R. 60(B) motion for relief from judgment. Plaintiff-appellee is Janice Stefko, Trustee.
 STATEMENT OF THE CASE
On May 30, 2002, Richard Clark filed three complaints in the Licking County Municipal Court, naming appellant as defendant. The complaints alleged breach of land installment contracts for non-payment, for failure to maintain the properties, and for failure to insure the properties. The land installment contracts involved three pieces of real property located in Licking County, Ohio. Appellant filed timely answers to the complaints.
The trial court conducted pretrials in all three cases on August 20, 2002. As two of the cases had been assigned to Judge Higgins, and the third assigned to Judge Marcelain, the issue of consolidation was discussed during the pretrials. Judge Higgins scheduled his two cases for trial on January 21, 2003. Judge Marcelain did not schedule the case assigned to him for trial.
On September 4, 2002, Clark served appellant with three motions for leave to amend each complaint in order to correct the name of the plaintiff from Richard T. Clark to Janice L. Stefko, Trustee. Via three separate entries filed September 9, 2002, the trial court granted the motions to amend, and deemed the respective amended complaints to be filed as of the date of the entries. On September 16, 2002, appellant filed memoranda opposing the motions.
On January 13, 2003, appellee filed a motion to consolidate the three actions. Via Entry filed January 14, 2003, the trial court granted appellee's motion, and ordered the consolidated matter remain scheduled for trial on January 21, 2003. On January 14, 2004, appellant filed a motion to continue the cases, stating he had not received all requested documents from appellee, and needed time to acquire legal counsel. The trial court set the motion for hearing prior to trial on January 21, 2003. Via order filed January 21, 2003, the trial court overruled appellant's motion to continue. Via Judgment Entry also filed January 21, 2003, the trial court found appellant in default for failure to defend, and granted judgment in favor of appellee in the amount of $8,953.11, plus statutory interest and costs.
On January 20, 2004, appellant filed a motion to vacate the January 21, 2003 Judgment Entry pursuant to Civ. R. 60(B). Appellee filed a memorandum contra, and appellant filed a reply thereto. Via Judgment Entry filed June 23, 2004, the trial court denied appellant's motion for relief from judgment, finding appellant's failure to appear at trial based upon the assumption his request for a continuance would be granted did not constitute excusable neglect.
It is from this judgment entry appellant appeals, raising the following assignment of error:
"I. The trial court erred as a matter of law and abused its discretion by denying appellant's motion to vacate the judgment entries journalized on January 21, 2003 because appellant demonstrated that he had meritorious defenses to the claims raised against him by appellee, that he was entitled to relief because the judgment entries resulted solely from appellant's excusable neglect in not attending the trial in the matters and other reasons justifying relief from the judgment entries, and that the motion was made within a reasonable time not more than one year after the judgment entries were journalized."
 I
In his sole assignment of error, appellant asserts the trial court erred and abused its discretion in denying his Civ. R. 60(B) motion to vacate. Appellant maintains he demonstrated he had a meritorious defense, he was entitled to relief because the default entries resulted from his excusable neglect, and his motion was made within a reasonable time.
A motion for relief from judgment made pursuant to Civ. R. 60(B) is directed to the sound discretion of the trial court, and this Court will not disturb that decision absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. The Supreme Court has repeatedly held an abuse of discretion indicates the trial court's judgment was unreasonable, arbitrary, or unconscionable. Steiner v. Custer (1940), 137 Ohio St. 448.
In order to prevail under a motion brought pursuant to Civ. R. 60(B), the movant must demonstrate: 1) The party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to the relief under one of the grounds set forth in the rule; and 3) the motion is made within a reasonable time, and for reasons 1, 2, and 3 not more than one year after the judgment was entered. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146.
Assuming, arguendo, appellant has demonstrated he had a meritorious defense to the claims asserted against him by appellee, we find appellant's failure to appear at trial is not excusable neglect.
In Griffey v. Rajan (1987), 33 Ohio St.3d 75, the Ohio Supreme Court held a trial court does not abuse its discretion in overruling a Civ. R. 60(B) motion for relief from default judgment on the grounds of excusable neglect, "if it is evident from all of the facts and circumstances in the case that the conduct of the Defendant, combined with the conduct of those persons whose conduct is imputable to the Defendant, exhibited a disregard for the judicial system and the rights of the Plaintiff." Id. at 80. Trial courts have found excusable neglect when unusual or special circumstances justified the party's neglect. However, cases generally suggest that if the party or his attorney could have controlled or guarded against the happening or circumstance, the neglect is not excusable. Vanestv. Pillsbury Co. (1997), 124 Ohio App.3d 525.
We find the trial court did not abuse its discretion in failing to find appellant's failure to appear at trial excusable neglect. Appellant had been served with notice of the trial date. Appellant does not deny he had notice of the date and time of the trial, but alleges he "was not aware that his motion [for a continuance] would not be heard prior to the date of trial and, as a result, he failed to attend the trial." Brief of Appellant at 13. We find the trial court did not abuse its discretion in finding appellant's affirmative actions of not attending the trial and not confirming the status of his motion for continuance are acts of intentional disregard of the judicial system; the neglect is not excusable. Appellant's sole assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.