THE STATE OF OHIO, APPELLEE, *v.* TAYLOR, APPELLANT.

(No. 86AP-1033—Decided June 25, 1987.)

*Michael Miller,* prosecuting attorney, and *Patrick E. Sheeran,* for appellee.

*Lawrence G. Stephens, Jr.,* for appellant.

STRAUSBAUGH, P.J. This is an appeal by defendant from a judgment of the common pleas court finding defendant guilty of violating R.C. 2925.11. That statute criminalizes the possession of a controlled substance, even if obtained pursuant to a prescription, where the substance is not in the original container.

The facts are undisputed. Defendant was arrested by an off-duty Columbus police officer working at Lazarus. During an inventory search of defendant, forty-six prescription drug tablets were discovered. As a result, defendant was charged with one count of drug abuse pursuant to R.C. 2925.11.

The matter was tried to the court on September 10, 1986 on a set of facts that was stipulated by defendant and the state. Defendant's stipulations provide that a physician would have testified that defendant was a narcoleptic. The physician would further have testified that defendant was prescribed Ritalin, one of the drugs

which formed the basis for his arrest. Defendant presented to the court the prescription bottle and would have testified that he removed some tablets on the night of his arrest and placed them in aluminum foil since he was going away for the weekend.

The court refused to consider this position as an affirmative defense and found defendant guilty of drug abuse. Defendant, on appeal, asserts three assignments of error:

"1. The trial court erred when it found the Appellant guilty of Drug Abuse, when the Appellant had a prescription and long term treatment for the scheduled drug, but said drug was possessed outside the original container from which it was dispensed.

"2. The trial court was in error when it failed to consider an affirmative defense which was offered by the appellant.

"3. That the manner in which Ohio Revised Code Section 2925.11/Drug Abuse, was applied to the facts of this case was incorrect as it criminalizes what would ordinarily be legitimate acts (i.e., the legal possession and use of a scheduled drug)."

Since defendant's first and third assignments of error raise two related issues, they will be considered together.

It is undisputed that defendant was technically in violation of R.C. 2925.11. That statute states:

"(A) No person shall knowingly obtain, possess, or use a controlled substance.

"(B) * * * This section does not apply to any person who obtained the controlled substance pursuant to a prescription issued by a practitioner, where the drug is in the original container in which it was dispensed to such person."

Defendant contends, however, that strict construction of this exception to R.C. 2925.11 yields the harsh and unintended result of prosecuting legitimate prescription drug users. In defendant's view, the legislature could not have intended to make such possession a crime.

While "legislative intent" is usually an argument of last resort, and of little persuasive effect, under the circumstances the court concludes that defendant is correct. R.C. 1.47(C) makes clear that the legislature presumably intends a just and reasonable result when enacting a statute. Moreover, R.C. 2901.04(A) mandates that criminal statutes be strictly construed against the state and liberally construed in favor of the accused.

Here, compliance with the dictates of those code sections requires reversal. Although it is indisputable that defendant was technically in violation of the drug abuse statute, the court finds that literal compliance with R.C. 2925.11 would be impossible. Since the statute on its face outlaws the *use* of a controlled substance, unless obtained pursuant to a prescription *and "in the original container,"* no one could use a prescribed drug once outside the original container. Thus, literally construed, no one could take the drug, since the act of taking medicine would always require the drug to be outside the container. Obviously, such a result is not just and reasonable.

Rather, the proper approach to the interpretation of R.C. 2925.11(B) is one under which the court determines whether the amount of time between taking the medicine and taking it out of the container is reasonable under the circumstances. Factors such as the amount of the drug needed, how frequent it must be taken, and the quantity actually on the accused in relation to the circumstances are all relevant to the determination of reasonableness.

For example, a day's supply of a prescribed drug, kept in a pillbox, would normally be reasonable. On the other hand, a three days' supply while on a shopping trip probably would not be reasonable. Clearly, the facts of each case must be assessed when deciding whether R.C. 2925.11 has been violated.

Based upon the foregoing, defendant's first and third assignments of error are sustained. While the trial court correctly determined that the facts presented a prima facie violation of the drug abuse statute, the court erred when it applied the statute without regard to the circumstances which occasioned the violation.

Defendant in his second assignment of error alleges that it was reversible error for the trial court to refuse a requested instruction on an affirmative defense to R.C. 2925.11. Due to our holding regarding defendant's first and third assignments of error, it is unnecessary to consider at this time the issues raised by defendant's second assigned error. This is especially true in light of the fact that it is not at all clear, from the record or from the briefs, that R.C. 2925.11(B) is in fact an affirmative defense to the charge of drug abuse. Accordingly, defendant's second assignment of error is overruled as premature. In conclusion, defendant's first and third assignments of error are sustained, while the second assignment of error is overruled. The judgment of the common pleas court is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed
and cause remanded.*

BOWMAN and BROGAN, JJ., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment.