JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} The State of Ohio appeals the order of the Cuyahoga County Court of Common Pleas, Criminal Division, which dismissed counts 20-38 and 61-82 of the indictment, aggravated possession of drugs, in violation of R.C. 2925.11(B)(4), as levied against the defendant, Thomas Casshie. For the following reasons, we affirm the order dismissing said counts.
 {¶ 3} Casshie was originally indicted on 41 counts of deception to obtain dangerous drugs, in violation of R.C. 2925.22; 41 counts of aggravated possession of drugs, in violation of R.C. 2925.11; and one count of workers' compensation fraud, in violation of R.C. 2913.48. On April 8, 2002, Casshie's counsel made an oral motion to dismiss the aggravated possession counts, specifically counts 20-38 and 61-82 of the indictment. Thereafter, the trial court granted Casshie's motion to dismiss holding that since the drugs were prescribed by a physician, the court had no alternative but to dismiss the aggravated drug possession counts in accordance with the clear interpretation of the law. R.C.2925.11(B)(4).
 {¶ 4} It is from the order granting defendant's motion to dismiss that the state now appeals, presenting two assignments of error for this court's review.
 {¶ 5} "I. IN LIGHT OF STATE V. SWAY, THE TRIAL COURT'S DISMISSAL OF THE AGGRAVATED POSSESSION COUNTS WAS UNWARRANTED."
 {¶ 6} "II. THE TRIAL COURT INCORRECTLY CONSTRUED R.C. 2925.11(B)(4) AGAINST THE APPELLANT."
 {¶ 7} Having a common basis in both law and fact, the appellant's two assignments of error will be addressed contemporaneously.
 {¶ 8} The trial court's grant of the defendant's motion to dismiss will not be disturbed unless it is clear that the decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. As stated by the Ohio Supreme Court inBlakemore:
 {¶ 9} "The term `abuse of discretion' was defined by this court in State v. Adams (1980), 62 Ohio St.2d 151: `The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' Steiner v. Custer (1940), 137 Ohio St. 448."
 {¶ 10} The defendant was indicted charging 41 counts of aggravated possession of drugs, in violation of R.C. 2925.11, which states in pertinent part:
 {¶ 11} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 12} "(B) This section does not apply to any of the following:
 {¶ 13} "* * *
 {¶ 14} "(4) Any person who obtained the controlled substance pursuant to a prescription issued by a licensed health professional authorized to prescribe drugs."
 {¶ 15} In dismissing the aforementioned counts against the defendant, the trial court determined that a strict reading of the statue precluded conviction pursuant to R.C. 2925.11(B)(4). In giving R.C. 2925.11
both a plain reading and an ordinary reading, it is clear that under the current statute it is impossible to convict, let alone prosecute, the defendant under this statute.
 {¶ 16} The drugs which the defendant obtained were prescribed by physicians who were licensed health professionals authorized to prescribe drugs; therefore, the trial court had no other recourse but to dismiss the aggravated drug possession counts in accordance with a clear interpretation of the law. R.C. 1.47 makes clear that the legislature presumably intends a just and reasonable result when enacting a statute. Moreover, R.C. 2901.04(A) provides "* * * sections of the Revised Code defining defenses or penalties shall be strictly construed against the State, and liberally in favor of the accused." See State v. Taylor
(1987), 41 Ohio App.3d 57.
 {¶ 17} It is uncontroverted that the defendant "knowingly possessed, or used a controlled substance" but, as stated, the statute's exception under (B)(4) clearly precludes prosecution since the prescriptions were issued by licensed health professionals authorized to prescribe drugs.
 {¶ 18} Under the current wording of R.C. 2925.11, the state is precluded from seeking an indictment charging aggravated possession of drugs against individuals that knowingly deceive a physician in obtaining a prescription for a controlled substance because of the statutory exemptions. Understandably, this court would urge the legislature to revisit this issue and clearly make the distinction between lawfully obtained prescriptions and those prescriptions that were obtained utilizing deceptive and deceitful practices.
 {¶ 19} The appellant's reliance on State v. Sway, supra, in support of its argument is misplaced. In Sway, a doctor traded sexual favors with patients in exchange for unlawfully issued prescriptions. The Ohio Supreme Court rejected the doctor's argument that he should be shielded from prosecution stating:
 {¶ 20} "It is contrary to the dictates of public policy to claim that the General Assembly did not intend to exercise some degree of restraint in R.C. 2925.03(A) over a class of society which has almost unlimited access to the drugs sought to be controlled by statute * * * we hold that a physician who unlawfully issues a prescription for a controlled substance not in the course of bona fide treatment of a patient is guilty of selling a controlled substance in violation of R.C. 2925.03."
 {¶ 21} In reliance on Sway, the appellant argues that if a doctor is not immune from criminal prosecution if he was engaged in activities which were not in the bona fide course of treatment, then by analogy the defendant, who purposely deceives a doctor into issuing prescriptions which are not in the bona fide course of treatment but for illegal purposes, should also face criminal prosecution.
 {¶ 22} We do not dispute the appellant's contention that the defendant should face prosecution and, accordingly, the defendant was properly charged with deception to obtain dangerous drugs, in violation of R.C. 2925.22. But to additionally charge the defendant with aggravated possession of drugs, in violation of R.C. 2925.11, would clearly be in violation of the plain and ordinary reading of that statute. Granted, the defendant was in possession of a controlled substance, but said drugs were obtained utilizing a prescription issued by a licensed health professional. The statute makes no distinction between a lawfully obtained and unlawfully obtained prescription; therefore, this court is left with no other recourse but to affirm the trial court's dismissal.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).